the alleged payment was made were sealed in death, and the defendant was allowed every conceivable latitude to make out his defense, even to the extent of giving his own version of the transaction alleged to have been had with the testator in his lifetime. The case was essentially one for a jury to determine, in the light of all the surrounding circumstances, giving proper weight to the interest of the parties testifying and the inherent probability or improbability of their stories. It was not one where the court could have directed a verdict. The jury had to reach a result from the evidence; they found against the defendant; and the trial judge and the general term of the court below have approved of the finding. We will assume, therefore, that the agreed $300 was not paid.

The difficulty with the verdict, however, is that the jury found in favor of the plaintiff for the entire amount of the bill ($500, with interest), instead of the value of the services as legally established. To correct this error, the judgment appealed from will have to be reversed, and a new trial ordered, with costs to the appellant to abide the event, unless within 10 days the plaintiff stipulates to reduce the damages recovered in the court below to $300, with interest, in which event the judgment, as modified, will be affirmed, without costs upon this appeal. All concur.

---

## BUTLER v. THIRD AVE. R. CO.

(Supreme Court, Appellate Term, First Department. February 26, 1896.)

APPEAL—AFFIRMANCE.

In an action for injuries, where the evidence is conflicting, but is sufficient to warrant a finding that the injuries complained of were the result of defendant's negligence, and that plaintiff was free from fault, a judgment for plaintiff will be affirmed.

Appeal from Eleventh district court.

Action by James Butler against the Third Avenue Railroad Company for personal injuries caused by defendant's negligence. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before McADAM and BISCHOFF, JJ.

Hoadly, Lauterbach & Johnson, for appellant.

John H. Rogan, for respondent.

PER CURIAM. The return shows the usual conflict of evidence found in negligence cases. The evidence was sufficient to warrant the justice in finding that the injuries complained of were the result of the defendant's negligence, and that the plaintiff was free from fault. The damages allowed were fully substantiated. We find no error.

Judgment affirmed, with costs.